UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY K. BERRY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>META PLATFORMS, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-02870-LJC<br><br>**ORDER TO SHOW CAUSE WHY SECOND APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED AND COMPLAINT SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. Nos. 1, 7 |

## I.　INTRODUCTION

Plaintiff Quincy Berry, pro se, brings this action against Defendants Meta Platforms, Mark Zuckerberg, Facebook, and Instagram. The Court previously denied Berry's first application to proceed in forma pauperis without prejudice, and Berry has since filed a renewed application. For the reasons discussed below, Berry is ORDERED TO SHOW CAUSE why his renewed application to proceed in forma pauperis should not be denied, and why this case should not be dismissed. Berry must file a response to this Order no later than July 3, 2025.

## II.　APPLICATION TO PROCEED IN FORMA PAUPERIS

On April 23, 2025, the Court issued the following Order to Show Cause:

> Plaintiff Quincy Berry, pro se, filed a "short form" application to proceed in forma pauperis erroneously captioned for the Eastern District of California. ECF No. 2. Every answer that Berry provided consists of "N/A," "No," or "0." *Id.*
>
> The form Berry provided does not include sufficient information to determine whether Berry's responses—that he has no assets or income of any kind—are credible. Berry is therefore ORDERED TO SHOW CAUSE why his application should not be denied. Berry must provide additional information no later than May 14, 2025 by: (1) completing this District's standard application form (a copy of which is attached to this Order); and (2) attaching an additional declaration explaining how he meets basic needs.[1]

[1] As one example, if Berry truly has "$0" in cash and bank accounts, as he has reported, it is not clear how he paid the $4.70 postage reflected on the envelope in which he submitted his Complaint and related documents. *See* ECF No. 1-2.

ECF No. 5.

Berry did not file a response by that deadline. The Court therefore denied his application to proceed in forma pauperis on May 23, 2025, "without prejudice to submitting a new application that addresses the defects identified in the Court's previous Order to Show Cause." ECF No. 6. The Court ordered Berry to either pay the filing fee or file a new application to proceed in forma pauperis no later than June 6, 2025. *Id.*

On May 27, 2025, Berry filed a new application to proceed in forma pauperis using the correct form. ECF No. 7. He still reported no current income or assets of any kind, but he reported monthly expenses of $50 for food and $50 for clothing. *Id.* at 3. Berry did not file "an additional declaration explaining how he meets basic needs" as required by the previous Order to Show Cause, ECF No. 5, and it is not clear from his renewed application how he pays his reported $100 monthly expenses.[1] Berry instead attached a record of a Pennsylvania criminal docket where he is named as a defendant to charges including theft and assault, ECF No. 7 at 6, which does not speak to the issue this Court directed him to address.

Berry therefore did not comply with the previous Order, and it remains unclear whether his statements in his application to proceed in forma pauperis are credible. Berry is ORDERED TO SHOW CAUSE why his renewed application should not be denied on that basis, and why this case should not be dismissed for failure to pay the filing fee.

## III.    DISMISSAL OF COMPLAINT

If Berry's application is granted, the Court would then be required to evaluate the sufficiency of his Complaint under 28 U.S.C. § 1915(e)(2)(B), which provides in relevant part that after granting permission to proceed in forma pauperis, a court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on

---

[1] Or, for that matter, the $5.16 postage for his renewed application. *See* ECF No. 7-1.

which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  When a complaint fails to state a claim on which relief may be granted, a court may also dismiss the case sua sponte (meaning on the court's own initiative) under Rule 12(b)(6) of the Federal Rules of Civil Procedure, regardless of whether a plaintiff is proceeding in forma pauperis.  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

When the complaint has been filed by a pro se plaintiff, a court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).  But "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice," and a court need not credit "legal conclusions" or "mere conclusory statements." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  In order to state a claim on which relief may be granted, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  In other words, the Complaint needs to include *facts*, not just the type of legal claim the plaintiff asserts.  In assessing whether a complaint is "frivolous" under § 1915, the Court may also consider whether "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Here, Berry's entire statement of his claim (before his response cuts off due to space constraints in the form that he used) reads as follows:

> Under color of law (Meta Platforms Inc. et,al., a public official induced, obtained, accepted, or agreed to accept a payment to which he or she was not entitled to , knowing that the payment was made in return for taking, with-holding, or influencing official acts. Under color of law (Mark Zuckerberg et,al., a public official induced, obtained, accepted, or agreed to accept a payment to which he or she was not entitled, knowing that the payment was made in return for taking, with-holding, or influencing official acts. Under

ECF No. 1 at 4 (non-standard punctuation in original).  The next line of Berry's response, which is only partially visible, appears to restate the same assertion with respect to Instagram. *Id.*

3

Those assertions are, at most, the sort of "[t]hreadbare recitals of the elements of a cause of action" that the Supreme Court has held insufficient to state a claim. *See Iqbal*, 556 U.S. at 678–79. If Berry wishes to pursue these claims, he must file an amended complaint alleging more specific facts as to what the defendants did that harmed him and gives rise to a claim. If he wishes to base a claim on Defendants' purported status as "public officials"—an assertion that might well be frivolous, but the Court will allow leave to amend if Berry wishes to pursue it—he must offer more specific facts that show that Zuckerberg and the corporate entities Berry has sued somehow acted as government officials or entities. If Berry continues to use the form that he used for his current Complaint to file an amended complaint, Berry would likely need to attach additional pages setting forth the facts supporting his claim(s).

Furthermore, federal courts are courts of limited subject matter jurisdiction, and Berry must provide a sufficient explanation of why this case falls within that jurisdiction. Two of the most common grounds for federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, which applies to claims "arising under the Constitution, laws, or treaties of the United States," and diversity jurisdiction under 28 U.S.C. § 1332(a), which applies to cases where no defendant is a citizen of the same state as any plaintiff and where the amount in controversy exceeds $75,000.

Berry checked a box indicating that he is invoking federal question jurisdiction, but his statement of the basis for such jurisdiction appears to be an incomplete sentence: "I(The Plaintiff's) 14th amendment (Due Process) is connected to this issue, since under Breach of Contract (CAL. CIV. CODE § 1559". To the extent Berry might be asserting that breach of contract violates his right to due process under the Fourteenth Amendment and thus gives rise to federal question jurisdiction, that is an incorrect statement of the law, as the Ninth Circuit held:

> Nor is the action one which 'arises under the Constitution, laws or treaties of the United States' and hence within the purview of 28 U.S.C. § 1331[]. To the contrary (and despite plaintiff's conclusionary characterization of defendants' acts as violative of due process and equal protection, etc.) the claim is simply one for breach of contract, the charge being that the defendant school district refused to perform certain obligations imposed upon it under a teaching contract entered into with plaintiff.

4

1  *Adelt v. Richmond Sch. Dist.*, 439 F.2d 718, 718 (9th Cir. 1971).  Moreover, even if Berry could

2  allege a deprivation of due process, such a claim would likely depend on him showing that

3  Defendants were government officials or entities, or otherwise acted under the color of law.  As

4  noted above, his current complaint does not include sufficient, non-conclusory allegations to that

5  effect.

6  Berry is therefore ORDERED TO SHOW CAUSE why his Complaint should not be

7  dismissed as frivolous, for failure to state a claim on which relief may be granted, and for lack of

8  subject matter jurisdiction.

## IV. CONCLUSION

For the reasons discussed above, Berry is ORDERED TO SHOW CAUSE why his second application to proceed in forma pauperis should not be denied, and why this case should not be dismissed for failure to pay the filing fee, lack of subject matter jurisdiction, failure to state a claim on which relief may be granted, and/or as frivolous.

No later than July 3, 2025, Berry must either pay the filing fee or file a response to this Order explaining why he qualifies to proceed in forma pauperis and how he pays his basic expenses, including his $100 total monthly expenses for food and clothing.

By the same deadline, Berry must *also* file either: (1) an amended complaint curing the defects identified in this Order; or (2) a response to this Order explaining why his current Complaint should be allowed to proceed.  If Berry chooses to file an amended complaint, it would completely replace his original Complaint, and therefore must include all claims, allegations, and defendants that Berry intends to pursue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Any amended complaint must present Berry's allegations and legal claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Failure to comply with either or both requirements in this order by the July 3rd deadline—responding to the Order to Show Cause regarding the second application to proceed in forma pauperis and filing an amended complaint or other response to address the identified defects in the existing Complaint—may result in the undersigned recommending that this case be dismissed for

failure to prosecute.

**IT IS SO ORDERED.**

Dated: June 11, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge